**Edward J. KNAPICK, Plaintiff–Appellant,**

v.

**Frederick HANLEY, et al., Defendants–Appellees.**

**No. 00–3911.**

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.[*]

Edward J. Knapick, an Ohio resident proceeding pro se, appeals a district court order enforcing a settlement agreement in this action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Knapick sued Hubbard, Ohio, trustees Frederick Hanley, Howard Bradley, Joseph Gleydura, Hubbard Zoning Commission Clerk Frank McClain, Hubbard Zoning Inspector Eli Moga, and Assistant Zoning Inspector Richard Goterba for compensatory and punitive damages. Knapick alleged that the defendants violated his rights of due process and equal

---

[*] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

protection under the First, Fifth, and Fourteenth Amendments when they deprived him of the use of his real property as retaliation for expressing his opinion on matters of public interest. The district court held a case management conference and the parties agreed to settle the case. The district court entered an order designating the case as settled and dismissed. When Knapick subsequently refused to sign the proposed judgment entry and release and settlement agreement, the defendants filed a motion to enforce the settlement agreement. The district court held a hearing, heard testimony from those present at the case management conference, and granted the defendants' motion.

In his timely appeal, Knapick argues essentially that the settlement agreement was invalid because it was negotiated outside of his presence.

■■■ Upon review, we are unable to conclude that the district court's factual findings are clearly erroneous or that the court abused its discretion by granting the motion to enforce the settlement agreement. *See Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000). A federal court has the inherent authority to enforce agreements in settlement of litigation before it, even if that agreement has not been reduced to writing. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988). According to the district court, the parties' former attorneys both testified that Knapick agreed to settle his federal action and a related state case for $1500 and the zone change he had sought, and also agreed to clean up his property. Knapick apparently testified that he was not advised of all of the terms of the settlement and that he wanted more money. The court recalled meeting Knapick, noted that he did not express any dissatisfaction or reservations about the terms of the settlement agreement, and

decided to enforce the agreement. In sum, the district court implicitly found that Knapick's attorney had settlement authority and that there had been a meeting of the minds, and expressly found that Knapick was satisfied with the terms of the agreement.

Based on the record before this court, the district court properly enforced the settlement agreement. Because Knapick failed to provide a transcript of the hearing or a narrative statement on appeal as required by Fed. R.App. P. 10, the district court's findings of fact are presumed to be correct. *See Hawley v. City of Cleveland,* 24 F.3d 814, 821 (6th Cir.1994). Accordingly, there is nothing in the record to counter the district court's factual findings and no basis to conclude that the district court abused its discretion when the court concluded that the settlement agreement was valid.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.